**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Travis Lee Kisto,<br><br>　　　　Petitioner,<br><br>v.<br><br>United States of America,<br><br>　　　　Respondent. | No. CV-19-05794-PHX-DJH<br>No. CR-18-01264-PHX-DJH<br><br>**ORDER** |

Pending before the Court is Movant Travis Lee Kisto's ("Movant") Amended Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody pursuant to 28 U.S.C. § 2255 (Doc. 10) (the "Amended Motion"), and the April 29, 2021, Report and Recommendation of United States Magistrate Deborah M. Fine ("R&R") (Doc. 20). Magistrate Judge Fine recommends that the Amended Motion be denied without an evidentiary hearing. (*Id.*) However, finding that reasonable jurists could find the question raised in Movant's Amended Motion debatable, she recommends granting a certificate of appealability upon request. (*Id.*) Movant has not filed an objection to the R&R or requested a certificate of appealability, and the time to do so has now passed. The Court will adopt the R&R.

**I.     Background**

Movant seeks to have his sentence and conviction for being a felon in possession of firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) vacated, set aside, or corrected on the sole ground that it was rendered unconstitutional by the United States Supreme

Court's decision in *Rehaif v. United States*, 139 S.Ct. 2191 (2019). (Doc. 10 at 3-7). The Court in *Rehaif* held for the first time that § 922(g)(1) requires that the individual know not only that he possessed a firearm, but also that he belonged to one of the listed categories of prohibited possessors when he possessed the firearm. *See Rehaif*, 139 S.Ct. at 2194 (stating that "the Government. . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it"). In his Amended Motion, Movant contends that his guilty plea was structurally invalid because he was not advised as to this element of the offense and because the record did not establish that Movant had a subjective awareness that he was a "felon" when the crime was committed. (Doc. 10 at 4-5).

Movant did not raise this issue in his direct appeal. Respondents therefore contend the argument was procedurally defaulted, and that Movant cannot establish the necessary cause and prejudice to excuse the default, or actual innocence to justify review of the claim.

After a thorough analysis, Magistrate Judge Fine agreed with Respondents. Siding with the majority of courts that had visited the issue, she first concluded that a *Rehaif* error is not a structural error, deserving of "automatic reversal without any inquiry into prejudice." *Weaver v. Massachusetts*, 137 S.Ct. 1899 (2017). (Doc. 20 at 8). She then found that even if Movant "could show cause for failure to raise his claim at sentencing or on appeal, he cannot establish prejudice." (*Id.* at 9). She carefully went through the places in the record that demonstrated Movant was well-aware of his felon status when he pled guilty. (*See id.* at 9-10). Judge Fine also found that Movant had not demonstrated he is actually innocent of the crime, or that refusing to correct the *Rehaif* error would result in a miscarriage of justice such that he could excuse the procedural default of his claim. (*Id.* at 12-13). Finally, she found that Movant's claim fails on the merits because "the record in Movant's case establishes that the Government would have been able to prove beyond a reasonable doubt that Movant knew at the time he possessed the shotgun he used in relation to the burglary charge to which he pleaded guilty that he had been convicted of a crime punishable by a term of imprisonment for a term of greater than a year." (Doc. 20 at 13).

In light of the clear record, Judge Fine recommends denying Movant's request for an evidentiary hearing on the issue of Movant's knowledge that he belonged to the relevant category of persons barred from possessing a firearm. (Doc. 20 at 14-15).

Judge Fine advised the parties that they had fourteen days to file objections and that the failure to timely do so "may result in the acceptance of the Report and Recommendation by the District Court without further review. (Doc. 20 at 17) (citing *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*)). Petitioner has not filed an objection and the time to do so has expired. Respondents have also not filed an objection. Absent any objections, the Court is not required to review the findings and recommendations in the R&R. *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (noting that the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), "does not on its face require any review at all . . . of any issue that is not the subject of an objection."); *Reyna-Tapia,* 328 F.3d at 1121 (same); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

Nonetheless, the Court has reviewed Judge Fine's comprehensive and well-reasoned R&R and agrees with its findings and recommendations. The Court will, therefore, accept the R&R and deny the Amended Motion. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."); Fed.R.Civ.P. 72(b)(3) (same).

Accordingly,

**IT IS ORDERED** that Magistrate Judge Fine's R&R (Doc. 20) is **accepted** and **adopted** as the order of this Court.

**IT IS FURTHER ORDERED** that the Amended Motion to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody pursuant to 28 U.S.C. § 2255 is **denied** without an evidentiary hearing.

…

…

…

**IT IS FURTHER ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 1st day of June, 2021.

_____
Honorable Diane J. Humetewa
United States District Judge